UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Lee McFadden, #346693, | ) | Civil Action No. 4:14-181-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Emmanuel Graham, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Joseph Lee McFadden, #346693, ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging generally that Defendant Emmanuel Graham violated his 5th, 6th, and 14th amendment rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling and a Report and Recommendation ("Report"). On March 11, 2014, Magistrate Judge West issued a Report recommending that this Court dismiss this case without prejudice because it is frivolous. (ECF No. 19.) Specifically, Magistrate Judge West noted that Plaintiff failed to make any factual allegations to support the potential liability of the named defendant for the constitutional violations which allegedly occurred in connection with a still-valid burglary conviction. (ECF No. 19 at 5.) The Magistrate Judge also further recommended that the dismissal of this action be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g).

On March 20, 2014, Plaintiff filed Objections to the Report and Recommendation which appears to generally state that Plaintiff's due process rights were violated because he did not have the chance to present favorable witnesses in conjunction with a state court proceeding. Plaintiff also appears to use his objections to defend the brevity of his complaint. (ECF No. 22.) On April 14, 2014, Plaintiff filed a letter inquiring as to the status of the matter. (ECF No. 25.) Finally, on May 29, 2014, Plaintiff filed a Motion to Dismiss Action without prejudice against Defendant pursuant

to Rule 4(m) asking this Court to dismiss this action without prejudice against Defendant Graham. (ECF No. 26 at 2.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Upon review of the record, the Court finds that the relief requested by Plaintiff in his recent Motion is not at odds with the well-reasoned recommendation of the Magistrate Judge which this Court would be inclined to adopt and incorporate in significant part over the objections of Plaintiff as the order of the Court. However, after filing his objections, Plaintiff asked this Court to dismiss the pending action against Defendant Graham. (ECF No. 26.) Thus, at Plaintiff's request, this matter is hereby dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Fed.R.Civ.P. 41(a)(2) ("an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper"). The Court hereby grants Plaintiff's Motion to Dismiss to the extent it seeks dismissal of the instant action (ECF No. 26) and dismisses this action pursuant to Rule 41(a) and not because of any determination that the action was frivolous, or otherwise failed to state a claim.

IT IS SO ORDERED.

s/Mary G. Lewis_____
United States District Judge

Spartanburg, South Carolina
June 3, 2014